## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

**ZITA BATOR**

   **Plaintiff,**

**v.**                                                                      **Case No. _____**

**Nationwide Mortgage Solutions LLC,**

**New Mexico LLC**

**Nations Asset Management 1 LLC**

**Clay County Land Trust**

**Orange Park 2022 LLC**                          **JURY TRIAL DEMANDED**

**Universal Lending Trust 2, LLC**

**Manhattan Finance Company LLC**

**Florida Management Trust LLC**

**Ports of IONNA LLC**

_____/


### COMPLAINT FOR FRAUD

**NOW COMES**, Zita Bator, Pro Se filing this complaint for fraud pursuant to

Florida Statute 817.034  Scheme to Defraud, 18 U.S.C., Civil Rico § 1964(a), (b)

and (c), 28 USC 171 - Federal Tort Claims Act.


### PARTIES TO THE CASE

Plaintiff, Zita Bator is an individual who's address is 3817 Nature Walk Ct.

Middleburg, FL 32068.

Defendant, Nationwide Mortgage Solutions LLC is a company with its home offices located at 120 Madeira Drive Northeast, Suite 219, Albuquerque, NM 87108.

Defendant, Manhattan Finance Company LLC is a company with its home offices located at  120 Madera Drive Northeast #220, Albuquerque, NM 87108

Defendant, Florida Management Trust LLC is a company with its home offices located at  120 Madera Drive Northeast #220, Albuquerque, NM 87108

Defendant, Nationwide Mortgage Solutions, LLC is a company with its home offices located at  120 Madera Drive Northeast #220, Albuquerque, NM 87108

Defendant, Universal Lending Trust 2 LLC is a company with its offices located at 120 Madeira Drive Northeast #220, Albuquerque, NM 87108

Defendant Orange Park 2022 LLC is a company with its offices located 120 Madeira Drive Northeast #219, Albuquerque, NM 87108

Defendant, Ports of IONNA LLC is a company with its offices located 4604 49th St N167 St. Petersburg, FL 33709

Defendant Clay County Land Trust -  Manager of Trustee Greg Anderson

AKA : Duval Land trust Services LLC  14 Comet Court Palm Coast FL 32137

## JURISDICTION

Civil RICO, 18 U.S.C. § 1964, is Patterned After Antitrust Laws, and Hence Vests the Attorney General of the United States With the Exclusive Authority to Obtain Equitable Relief, and Vests Private Litigants, With the Authority to Sue for Treble Damages

18 U.S.C. § 1964(a), (b) and (c), which provide as follows: (a) The district courts of the United States shall have jurisdiction to prevent and restrain violations of section 1962 of this chapter by issuing appropriate orders, including, but not limited to: ordering any person to divest himself of any interest, direct or indirect, in any enterprise; imposing reasonable restrictions on the future activities or investments of any person, including, but not limited to, prohibiting any person from engaging in the same type of endeavor as the enterprise engaged in, the activities of which affect interstate or foreign commerce; or ordering dissolution or reorganization of any enterprise, making due provision for the rights of innocent persons.

28 U.S. Code § 1332 **Diversity of citizenship.** Federal district courts also have subject matter jurisdiction if you are suing a citizen of a different state (or a foreign national), and you are asking for at least $75,000 in money damages. If a federal

court has jurisdiction based on diversity of citizenship, the subject matter of the

case doesn't matter

## **CAUSES OF ACTION**

## **Opening statement**

This case concerns Mortgage Document Fraud which has been reported to the

Attorney General U.S. Department of Justice for investigation. The substance of

the case is  illegal foreclosure fraud, which involves the deliberate use of

fraudulently created documents known as second "mortgage security loans"; and

fraud for profit to steal homeowners' life savings and equity.

 The judge approves false affidavits and fabricated documents related to a

fraudulent loan referred to as a "mortgage."

A judgment to foreclose is usually approved quickly, within a few weeks. Clay

County's fraudulent second "mortgage" foreclosures is part of an ongoing scheme,

potentially involving thousands of forged documents across numerous cases,

intended to mislead unaware third-party purchasers and new homeowners. The

fraudulent loans were created not with the intention of repayment, but to facilitate

foreclosure and unlawfully seize the buyer's property and funds in bad faith. The

fundamental facts in all of those cases appear to be identical.

## <u>FIRST CAUSE OF ACTION</u>

### MORTGAGE FRAUD

1.  Concerning Property located at : 3817 Nature Walk Ct., Middleburg, FL 32068

Case # 20241087CC , Clay County FL.

Fake Loan doc. CFN# 2016002954 $9.500  **See Exhibit A.**

Plaintiff avers.

As we attempted to finalize the sale of the house, I discovered that a foreclosure action had recently been filed against my property. I was never served with a summons notice.

2.  According to the complaint, NATIONWIDE MORTGAGE SOLUTIONS LLC, a New Mexico LLC, is suing me and HARBOUR BEACH RESORT HOLDINGS ONE LLC for mortgage foreclosure.

3.  Said, The second "mortgage" or security instrument for $9.500 was given to the (borrower) the Clay County Land Trust, on January 5, 2016.(CFN# 2016002954)

4.  This bogus "mortgage note" lacks a promissory note and the legal parties to the note as well as the name of a lender.

5.  There are numerous questions about this so-called "mortgage" loan:

(a)  Who actually took the loan out?

(b)  If the defendant made any payments, to whom was it made?

(c)  How do the defendants relate to these loans, given they are not on the original so-called "second mortgage" note?

(d) If the defendant made any payments, to whom? What number of payments were made, if any?

6.  Case # 20241087CC, Clay County FL. Fake Loan doc. CFN# 2016002954 $9.500  **See Exhibit A.**

The so-called second "mortgage" loan note does not have the lender's name on it, but the complaint appears to identify the lender as NATIONWIDE MORTGAGE SOLUTIONS LLC, A New Mexico LLC.

7.  The plaintiff according to the complaint referenced above is NATIONWIDE MORTGAGE SOLUTIONS LLC. A New Mexico LLC

8.  According to the Florida State Division on Corporation Register (dos.fl.gov/sunbiz) NATIONWIDE MORTGAGE SOLUTIONS LLC has been inactive since 2009. Its registration number is L07000014687.

9.  However, the organization with the same name, Nationwide Mortgage Solutions LLC, was established in the state of New Mexico.

10.  According to the records, Nationwide Mortgage Solutions LLC was registered in the state of New Mexico on February 23, 2022.

It has a Business ID number of 6744010. The company's address is 120 Madeira Drive Northeast, Suite 219, Albuquerque, NM 87108.

**See Exhibit B.**

11.  However, according to court records, a "mortgage" document was recorded on January 19, 2016. CFN# 2016002954.

This indicates that the company did not exist at the time and was established later, in 2022.

12.  Two names appear in the complaint. A New Mexico LLC  and a New Mexico company.

The names appear on court documents that do not exist, have been manipulated, switched, or misspelled, indicating a cover-up of fraudulent activity. Clarity regarding the Plaintiff's identity is lacking.

13.  The proof shows that the Clay County Land Trust has changed its name many times, with LLCs closing and opening new ones with the same or different

addresses. This is done on purpose to confuse the names of the trust and the

trustees in order to hide fraud.

14.  The defendant registered fictitious names that resembled those of financial

institutions, such as Manhattan Finance Company LLC, Nationwide Mortgage

Solutions LLC, among others. Then, they used these fake names as plaintiffs in

new foreclosure cases that they started.


15.  According to attorney Charles Pinson's complaint claims that the plaintiff

holds a lien on my property under the fictitious bogus loan.  702.015  A mortgage

or other lien foreclosure complaint must prove that the plaintiff is the holder of the

original note secured by the mortgage and file a certification with the court under

penalty of perjury that the plaintiff is in possession of the original promissory note

contemporaneously with the complaint. Mr. Charles Pinson changed the

foreclosure proceedings, filing a "Certificate of Possession of Note" and stating

this information based on his personal knowledge. Certificate of note; No

Nationwide signature;  **See Exhibit D.**

More Fake loans on January 5, 2016.

16.  These "mortgage" loans are not actually loans for mortgages. It's just in the name to deceive people and make it appear more legitimate. This "note" is not a "promissory note," nor is it a legally binding document.

The facts show that the perpetrators later fabricated the lender's name while going, when it became necessary.

17.  Document Information CFN# 2016002954 for "Mortgage" security instrument is shown:

(a)  Grantor : CLAY COUNTY LAND TRUST (Properties' Parcel #13-05-24-021388-182-54)

(b)  Grantee : 3817 NATURE WALK COURT LAND TRUST (Property address)

 It appears that the same entity is both the lender and the borrower.

18.  Per the record: The FLEET FINANCIAL LLC paid court fees for the purpose of filing this claim, as indicated in the document record. **Exhibit G.** Address: 6210 44th Street 18 PINELLAS PARK, FL 33781

19.  The address is identical to that of a defendant, HARBOUR BEACH RESORT HOLDINGS ONE LLC  that was registered on 01/2022 per FL business record. Document # L22000039093

Instrument #2023028054 ; Book/Page O 4726 / 1917, Record Date 06/07/2023

Deed Grantor was HARBOUR BEACH RESORT HOLDINGS ONE LLC (TRUSTEE)

Address: 6210 44TH STREET N 18 PINELLAS PARK, FL 33781.

20.  It is important to note that the constant switching of trustees prior to or during the course of the litigation is done in bad faith and is solely intended to delay or conceal the fraud or bad acts.

21.  Per this so called second "mortgage" note: Clay County Land Trust borrowed second mortgage in Jan of 2016; then it was transferred to Terra Mar Property Management LLC as Successor trustee; then it was transferred to Shoreline HOA LLC in 2018 (according to the complaint), and then in 2022 it was transferred to Harbor Beach Resort Holdings One LLC (which was only formed in 2022 for that purpose). Dated in the complaint "Declaration of appointment of trustee"

22.  Notably, Harbor Beach Resort Holdings One LLC has relinquished all defense rights in the matter. It appears from the record that the Plaintiff and Defendant are the same party, which explains why it was so quick to waive all defense rights on the same day the Plaintiff filed this lawsuit. Case # 20241087CC

23.  The current investigation and widespread reporting indicate that a fraud involves collusion by industry insiders, such as attorneys and other industry

10

professionals. Profit-motivated fraud to steal cash and equity from homeowners. It appears from the record that lawyer Charles R. Pinson is significantly involved with the perjury statements related to this case.

24.  Although I had no intention of paying the thieves, we decided that the title company needed the payoff letter to identify those responsible for the fraudulent activity.

The fake loan thieves asked for $39,775 to settle a debt they claimed they had. Per Wire Instructions: **See Exhibit "C"**

To Bank OZK 14799 N. Dale Mabry Hwy. Tampa, FL 33618 ABA # 082907273 Account # 2804057275 Beneficiary: Pinson Law P.A. Trust Acct PH: 813 574 7736 charles@pinsonlawpa.com Bar No: 125279 .

25.  According to the complaint presented by attorney Charles Pinson, the Plaintiff holds a lien on my property.  However, no liens were discovered during the title search, prior to the purchase and these actions.

26.  Furthermore, I acquired the property from the Clay County Clerk of Court in another foreclosure final judgment sale. Case 2023CA001110, a Surplus funds totaling $61,900 were available for disbursement, and plaintiffs had the right to claim them (if applicable).

27.  This information pertains to the latest case as well as the case in which I acquired property through the final judgment of the Clay County Clerk of Court. (Case 2023CA1110)

28.  An illegal act has been identified within court documents - Forgery; (Case 2023CA1110)

Forgery is the crime of making, altering, using, or possessing false writing in order to commit fraud.

Forgery and alteration of legal records were discovered in the previously closed Case 2023CA1110;  Documents were altered with the intent to deceive; Forged documents were inserted into my already closed foreclosure case to influence the outcome of a new case; **See Exhibit "F"**

Please pay closer attention to the dates that documents were signed, recorded, entered, and notarized.

29.  The Final Judgment was modified through the inclusion of forged and counterfeit elements, aimed at causing harm or deception in a recently filed case. The records of my closed case were manipulated to influence the outcome and be used against me in my current matter filed in May 2024.

Modified statements were added to the case on July 11, 2024, even though the case was closed in September 2023. (Case 2023CA1110, Alteration of Court record )

(Recorded CFN2024032301)  See the original final judgment for partition and the altered judgment for partition. **Exhibit "T" ; Exhibit "T2"**

Who has the authority to alter or manipulate court records and filings within the judicial system?

The intention is to defraud me by using a falsified modification in a new foreclosure case initiated by the same individuals or entity.

Case 2023CA1110;

30.  Clay County Land Trust made up the partition case, they used forged documents under the penalty of perjury The fabricated Clay County Trustee deed displayed backdated names and name manipulation; the parties are none other than the same trustees that had been added just prior to the lawsuit requesting a partition. **See Exhibit "1".**

 First, add Clay County trustee names to the deed; then, ask the court to divide, separate parties 1/2 each, as uncontested parties, by selling property through foreclosure sale.

**See Exhibit "2".**

Said, the deed was prepared on April 23, 2013; transferred on December 28, 2022;
 recorded on 6-7-2023, CFN2023028054;

enabling the filing of the partition lawsuit following day on 6-8-2023.

31.  I'm being defrauded twice on the same property. Clay County Land Trust has a history of manipulating court proceedings and is an expert at fraud. The deceptive scheme involves enabling third-party investors to finance all costs, perform necessary repairs, and increase property value, ultimately foreclosing on the new owner via a fabricated loan to acquire the surplus funds once again. Please be aware that no liens were ever attached to the sham loan complaint, and no liens have been recorded with the County Court. Old Republic Title Company's title search also revealed no liens. **See Exhibit 3**

32.  Clay County trustees frequently bid on auctions, purchase foreclosed property from third parties, and then resell it at market value once all improvements have been completed and the property is listed for sale. The Clay County Land Trust and its trustees have implemented a fraudulent scheme, resulting in the exploitation of investors while the deception persists.

33.  Attached is evidence from the current outgoing case that relates to my previous case and demonstrates how I obtained the property through fraud. The organized fraud will persist as long as the benefits outweigh the risks.

34.  Included the payoff letter for a fraudulent second mortgage request.

that's when I realized I'd been sued. Although a judgment has not been rendered, the attorney representing the plaintiff has already prepared a statement regarding the alleged unpaid balance from a fraudulent loan. **See Exhibit "C"**

 Case # 20241087CC , Clay County FL.

 Fake Loan doc. CFN# 2016002954 $9.500

 These so-called "mortgage" loans aren't for mortgages at all. These "notes" are not legally binding, nor are they "promissory notes."

35.  It is important to point out that the fraudulent loans in all of these cases were obtained on January 5, 2016, the same day. **See Exhibit "A"; Exhibit "2 A" Exhibit "3 A"**

What are the chances, or perhaps more accurately, what a well-established scam?

36.  Losses from lost sale include expenses, costs, and lost profits:

**See Title Exhibit "1A"; Sale contract Exhibit "1B";**

The total purchase price includes the selling commission and closing costs:

$303,000

Selling Commission & Closing Costs:        (-$20,642)

Property Repairs, Upgrades and Renovations:

Purchase Price:                                   $60,900

Stamp and wire transfer fees:                  $900

HOA Lien payment and monthly fees:        2,973

Property Cleaning and Junk Removal Cost:   $1,300

Repairs and renovations:

Materials Cost for Rehab:               $18,600

Contractor's Labor & Other Costs:   $33,700

Legal and Attorney Fees:               $4,500

Title Search:                               $300

Interest During the Rehab Period:       $750

Maintenance costs:                      $1,850

Inspection fees:                          $500

Subtotal:  (Expenses and costs do not include lost profits)   $126,273

Total:  (Expenses and costs include Selling Commission, Closing Costs and lost profits)  $303,000

## SECOND CAUSE OF ACTION

Mortgage Fraud

37.   Property address 625 Oakleaf Plantation Pkwy Apt 714, Orange Park, FL 32065

 The property was scheduled for foreclosure sale on August 21, 2024, but was temporarily canceled.

Plaintiff avers the following.

Case #2023CA1049 ; Fake loan of $5500 CFN#2016002962.

**See Exhibit "2 A".**

Complaint submitted on 5/17/2023

38.  The Plaintiff: Ports of IONNA LLC - Business records with the Florida State Department - registered on 07/14/2019

Defendants: Nations Asset Management 1 LLC and Clay County Land Trust

Clay County Land Trust (Property parcel# 06-04-25-007869-070-49) Nations Asset Management 1 LLC- registered in 08/14/2022 during the course of and likely for the purposes of participating in this litigation

If this company was founded in 2022, how can they obtain a loan in 2016?

39.  Name manipulation entails the same party being both the defendant and the plaintiff; at the end of the case neither of the above-mentioned parties were still engaged.

40.  Once more, the same situation: The Clay County Land Trust asked and was granted a judgment to sell the property under a fictitious $5500 "mortgage" loan, foreclosing on itself. CFN#2016002962

41.  The uncontested complaint was filed on May 17, 2023, and the final judgment to sell the home was recorded on June 2, 2023. Non-complex cases where the signature appears to be forged when compared to the original. **See Exhibit "2D" and Exhibit "D2"**

Final Judgment issued on 6/02/2023 within two weeks

Funds disbursed:

Derek Carrillo Bar # 111919

PREMIER LAW PLLC

6706 N Nebraska Ave #8386 Tampa, FL 33604

PH: 954 866 5255

premierlaw.pllc@gmail.com

42.  Within two weeks, the foreclosure case was closed. Considering that the initial

mortgage foreclosure case remained unresolved and had been in progress since

2021, Case #2021CA994, in which the Clay County Trust is a party/defendant.

Per the uncontested foreclosure complaint of real estate mortgage:

On January 5, the Clay County Land Trust (the Borrower) executed and delivered a

promissory note and mortgage for $5,500 to "Plaintiff" (the Lender) under Rec

#2016002962.    **See Exhibit "2C"**

43.  According to this uncontested foreclosure complaint, Clay County has

defaulted under terms by failing to make a payment on or about May 12, 2022, as

well as all subsequent payments due; thus, the loan is in default.

According to this statement, the Clay County Land Trust has made payments for

six full years, until May 2022. (See attached) The question is:

(a)  Who did they make payments to?

(b)  How long would it take to pay back that $5,500 loan?

(c) How much of the $5,500 loan remains unpaid? **See Exhibit "2G"**

44.  However, under the Uncontested Final Judgment, the entire principal balance and interest from January 2016 to May 16, 2023, were applied as if the payments had never occurred. The judge grants foreclosure judgment based on fake loan numbers without question;  The judge accepted fake and sworn statements and documents, allowing them to withdraw from the first mortgage foreclosure action and sell it to a third party while collecting the surplus funds through a fraudulent loan. Mortgages, notes, and deeds are non-existent, forged, and fabricated, yet the Clay County Land Trust continues to lie, perjure, and fabricate documents in courtrooms and public land records in an ongoing fraud against property owners by establishing hundreds of fake trusts.

45.  Final Judgment in Mortgage Foreclosure by Consent  **See Exhibit "2F"**

The plaintiff and defendant in this uncontested foreclosure case are the same entity. During the Judgement, Shoreline HOAS LLC as Trustee (of Clay County Land Trust) transferred their trust to yet another trustee:

All State Holdings 112 LLC. From: The Clay County Land Trust, To: Shoreline HOAS LLC; To: All State Holdings 112 LLC, as trustee

46.  PER VERIFIED BUSINESS RECORDS FROM THE FLORIDA

DEPARTMENT OF STATE:

 SHORELINE HOAS, LLC, as trustee Doc. # L12000018115 Status INACTIVE,

(09/22/2023) Address 752 Blanding Blvd. #109 Orange Park, FL 32065

47.  All State Holdings 112 LLC - No records found in FL, but the company with

the same name again, was formed on 07/01/2022, in the state of New Mexico,

Business ID#: 6884610 under the same address: 120 Madeira Drive Northeast

#219, Albuquerque, NM 87108.

 48  It was created by none other than Nationwide Mortgage Solutions LLC, and

they share the same address: 120 Madeira Drive Northeast #219, Albuquerque, NM

87108.

It's important to note that it was registered by Nationwide Mortgage Solutions

LLC, the same unverified lender identified as a Plaintiff in the first case.

**Exhibit "2R"**

Property address: 625 Oakleaf Plantation Pkwy Apt 714, Orange Park, FL 32065

See Title **Exhibit "2 E".**

49.  Total expenses costs and loss of investment:

Purchase Price:  $34,900

Stamp and wire transfer fees:  $450

HOA fees and past dues:    $6,416

Property Cleaning cost:        $800

Legal and Attorney Fees:      $4,500

Property Repairs, Upgrades and Renovations: $ 11,700

Maintenance costs:              $650

Subtotal:          $59,416

Total:            $59,416

## THIRD CAUSE OF ACTION

### Mortgage fraud

50.  Property address: 3234 Woodglen Dr, Orange Park, FL 32065

The property was foreclosed and auctioned on March 8, 2024.

 The Plaintiff avers the following.


Case #2023CC1020  Clay County FL

 Fake Loan of $5000 used doc. CFN#2016004504  **See Exhibit "3 A"**

Universal Lending Trust 2 LLC, a New Mexico LLC

and Orange Holdings 32065 LLC

 None of the following businesses could be confirmed:

The fraudulent promissory note does not bear the Lender's name once more, but a complaint seems to identify the Plaintiff as Universal Lending Trust 2 LLC, a New Mexico LLC.

51.  The foreclosure process began again with the same "sham" security "Mortgage" loan based on a fake, made-up "Mortgage" security instrument loan and the same foreclosure fraud methods.

There was another fake $5,000 loan on the same date, January 5, 2016.  doc.

CFN#2016004504   See **Exhibit "3 A"**

On June 8, 2023, a foreclosure complaint was filed in Clay County, Florida (case #2023CC1020).

52.  According to the foreclosure complaint, Universal Lending Trust 2 LLC, a New Mexico LLC, claims that they conduct business in Clay County, that they hold a lien on the property located in Clay County, at 3234 Woodglen Dr, Orange Park, FL 32065, and have standing to enforce the loan.


53.  The complaint includes numerous trustee name changes and transfers of the $5,000 so-called "mortgage" loan.

The fraudulent promissory note omits the Lender's name; however, the complaint identifies the Plaintiff as Universal Lending Trust 2 LLC, a New Mexico LLC.

54.  Per complaint it says:

 On January 16, 2016, Clay County Land Trust executed a mortgage note for $5,000.

On April 2021, a Declaration of appointment, the successor trustee was executed by Terra Mar Property Management LLC, in favor of yet another trustee Ports of

Iona LLC; whereby Ports of Iona appointed the successor trustee of (3234 Woodglen Dr, Orange Park, FL 32065) trustee.  No records were located or could be verified with the Florida State Division of Corporations.

 However,

 55.  The name of Ports of Iona LLC appears to have been deliberately misspelled to conceal fraudulent activity.   **See Exhibit "3B"**

Assuming this is a real name, PORTS OF IONNA, LLC has been found, though. L19000186 is the filing information document number; 4604 49th St N 167, St Petersburg, FL 33709 is the address.

56.  Please Note:

This complaint states: "Mortgage" was assigned to the "Plaintiff" on April 20, 2023 ; exactly right at the same date the Universal Lending Trust 2 LLC was founded, April 20, 2023 in the State of NM. What are the odds of that? See **Exhibit "3 C"**

57.  Not having a lender's name on the so-called "note" or "mortgage" lets them attach any name they want later on when they need to start fraud foreclosure. They usually choose a name that sounds like a lender company to deceive the buyer and make him believe everything is legitimate.

58. Universal Lending Trust 2 LLC was formed on April 20, 2023, as a domestic business in the state of New Mexico. Its address is 120 Madeira Drive Northeast #220, Albuquerque, NM 87108. This company was made so that it could be used as a Plaintiff or Lender in the lawsuit that was filed in June 2023 (Case #2023CC1020).

Per the complaint the Plaintiff:

59. The note says, "Plaintiff is the owner of the original note."

So many lies and manipulations were used in this complaint that the scammers got lost and got it wrong by adding another lie: "23. St. Johns County Land Trust is the record owner of the Property"( Pg 4)  See  **Exhibit "3B"**

60. The Clay County Land Trust initiated a foreclosure case (Case #2023CC1020) on June 6, 2023.

Orange Holdings 32065 LLC, the defendant, waives his rights.

Then, in this fraud foreclosure case, the plaintiff and defendant—who are one and the same—file a joint stipulation for consent to judgment entry.

Then they file an amended consent. Final judgment to foreclose the mortgage, and everything is approved by the judge within weeks.

61.  The defendant entity is Clay County Land Trust, Orange Holdings 32065 LLC. Despite the name containing a Florida address and zip code, there is no business record in Florida.

62.  Instead, Orange Holdings 32065 LLC was registered in New Mexico state on 12/2021, a Business ID#:6682553; address: 530-B HARKLE ROAD, STE 100, Santa Fe, NM 87505 -  created by Nextgear Financial, LLC

63. Although Clay County is a defendant in another active first mortgage foreclosure case, the Clay County Land Trust is requesting that the judge foreclose on them, withdraw from the foreclosure proceedings, sell the already foreclosed property to a third party, and collect any surplus funds from the sale, all while using a fraudulent loan that they created themselves. The fraudulent loans were

created not with the intention of repayment, but to facilitate foreclosure and engage in bad faith profit by deception.

(Case #2018CA1169).

64.  The property was foreclosed (Case #2018CA1169) and taken away from the new homeowner without due process within a few months of the property owner completing extensive repairs and renovations, including a new roof replacement.

65.  To sell the property in bad faith while it is under litigation to an unsuspecting third party, leaving a new buyer with nothing but an open foreclosure case, in which the new owner is not a party and is not permitted to intervene.

66.  Leaving the new owner defenseless, without a home, and with a slew of past-due bills, the third-party buyer is defrauded and robbed of his money.

(Case#2023CC1020 - Case# 2018CA1169)

(Case#2023CA1049 - Case#2021CA994)

67.  The third-party buyer, who is a new homeowner, suffers foreclosure, loss of investment, emotional distress, collector harassment, and ruined credit as a result of the fraud.

68.  Property address: 3234 Woodglen Dr, Orange Park, FL 32065;  Title attached see **Exhibit "3G"**

69.  The property was foreclosed and auctioned on March 8, 2024.

The property was uninhabitable when purchased; the house had been neglected for years and was severely damaged, requiring major repairs and renovations, including a new roof. Losses from lost sale include expenses, costs, and lost profits.

Sale Contract see **Exhibit "3S" ; Exhibit "3R"**

70.  Contract Sale Price including Selling Commission & Closing

Costs:                                         $340,000


Selling Commission & Closing Costs        (-$23,750)


Purchase Price and Expenses

Purchase Price:                              $31,700


Eviction costs:                 $1,500

Stamp fees, wire transfer fees:       $495

Interest During the Rehab Period          $700.00

Cleaning and Junk removal:                $1,350

Repairs and renovations:

Materials Cost for Rehab:                 $19,700

Contractor's Labor & Other Costs:         $38,600

Roof Replacement:                         $15,150

HOA Lien and Past Due Fees:               $1,123

Attorney fees:                            $4,500

Maintenance costs:                        $750

Subtotal: (Expenses and costs do not include lost profits)

$115,568

Total:  (Expenses and costs include Selling Commission, Closing Costs and lost

profits)                                  $340,000.


71.  The records indicate that this has been a prolonged fraudulent scheme.

According to records: The same entity, the mortgagor (borrower) Clay County

Land Trust, flooded the docket with dozens of phony "mortgages" or "SECURITY

INSTRUMENTS" on the same date, then simply waited for the right time to

foreclose and collect the surplus funds.

 See Exhibit "FF"

CFN#2016004504

CFN#2016002954

CFN#2016002952

CFN#2016002953

CFN#2016002963

CFN#2016002962

CFN#2016002961

CFN#2018026733 and so many more.

72.  The sole purpose of these so-called "Mortgage" Security Instruments, or fake notes, is to obtain a judgment to foreclose at the appropriate time, as determined by the perpetrator, and to quickly collect the surplus funds. The fraud is ready to be carried out when necessary and is well-prepared.

The evidence demonstrates the extraordinary fact that the Clay County Land Trust has undergone numerous documented name changes, making it difficult to identify the perpetrator of the fraud by deliberately confusing trust and trustee names in order to conceal it. They fraudulently registered new names similar to bank/lender names (Manhattan Finance Company LLC, Nationwide Mortgage Solutions LLC, and others) and used these names as a plaintiff in a new foreclosure lawsuits initiated by them. **Exhibit "CD" ; Exhibit "3C"**

73.  All of this is done with the intent to defraud people and steal their money and property. It is known as profit-motivated fraud. The fraud involves attorneys and others in the same industry.

74.  I assert that the penalties for such practices and patterns of racketeering activity are essential, in addition to other measures to assist victims who have lost their homes, investments, and entire life savings.

75. Illegal foreclosure fraud, which involves the deliberate use of fraudulently created documents known as second "mortgage security loans"; and fraud for profit.

76. The judge approves false affidavits and fabricated documents related to a fraudulent loan referred to as a "mortgage" while property is under dispute and being foreclosed in a separate foreclosure case; this is the ideal moment to get rid of property using a fake loan prepared for that purpose, to back out of the foreclosure actions and collect surplus.

77. A judgment to foreclose is usually approved quickly, within a few weeks.

Clay County's fraudulent second "mortgage" foreclosures seem to be part of a prolonged scheme, potentially involving thousands of forged documents across numerous cases, intended to mislead unaware third-party purchasers and new homeowners.

78. It is important to highlight that the fraudulent loans in all of these cases were acquired on January 5, 2016, the same day; It is a scheme that is well-organized. See **Exhibit "A"; Exhibit "2 A" ; Exhibit "3 A".**

79.  The lack of a promissory note, the identity of the legal parties involved, and the lender's name render this fraudulent "mortgage note" invalid. It appears that the lender and borrower are one.

80.  These "mortgage" loans are not for mortgages. It's simply in the name to deceive people. The facts show that the perpetrators later fabricated the lender's name as they went when it became necessary.

81.  The names are found on court documents that are either nonexistent, altered, exchanged, or incorrectly spelled, suggesting a concealment of fraudulent actions.

82.  It is important to note that the constant switching of trustees prior to or during the course of the litigation is done in bad faith and is solely intended to delay or conceal the fraud or bad acts.

83.  Notably, one party waives all defense rights in these cases by filing as uncontested parties.

The record shows that the Plaintiff and Defendant are the same party, which clarifies why they were so quick to waive all defense rights—usually at the same time the plaintiff filed the uncontested complaint.

84.  The investigation and extensive reporting suggest that the fraud involves collaboration among industry insiders, including attorneys and other professionals in the field. Fraud driven by profit to unlawfully acquire cash and equity from homeowners.

85.  The sole purpose of these so-called "Mortgage" Security Instruments, or fake notes, is to obtain a judgment to foreclose at the appropriate time, as determined by the perpetrator, and to quickly collect the surplus funds. To accomplish this, the defendant uses fake loans made by themselves, falsified documents, deceptive or illegal behavior, and fraud. Evidence indicates that the filing records have been modified and are now unreliable.

86.  As a result of the fraud, I suffered property foreclosure, equity loss, investment loss, financial harm, emotional distress, collector harassment, and credit damage.

87.  The evidence demonstrates the extraordinary fact that the Clay County Land Trust has undergone numerous documented name changes, making it difficult to

identify the perpetrator of the fraud, which was concealed by deliberately confusing trust and trustee names. Fake new names resembling bank or lender names have been registered, including Manhattan Finance Company LLC, Nationwide Mortgage Solutions LLC, Barnett Mortgage Solutions LLC, and others; Then filed new foreclosure lawsuits using these fictitious names as plaintiffs.

88.  The actions described are executed with the purpose of deceiving individuals and unlawfully acquiring their financial assets. It is known as profit-motivated fraud. The fraud involves attorneys and others in the same industry. This kind of practice and pattern of racketeering activity falls under 18 U.S.C., Civil Rico § 1964(a), (b.

89.  Parties involved :

 Clay County Land Trust -  Manager of Trustee Greg Anderson

Also Known As:

Duval Land trust Services LLC  14 Comet Court Palm Coast FL 32137

Shoreline HOAS LLC  752 Blanding Blvd. #109, Orange Park FL 32065

Universal Lending Trust 2 LLC 120 Madeira Drive Northeast #220, Albuquerque, NM 87108

Manhattan Finance Company LLC 6210 44Th Street N #18 Pinellas Park, FL 33781

Barnett Mortgage Solutions LLC (a New Mexico company) 2201 Menaul Boulevard Northeast, Suite A, Albuquerque, NM 87107

NOISUFNOC, LLC 5684 Maverick Road Middleburg FL 32068

Maple Gardens Association LLC 12481 McGregor BLVD #16 Fort Myers, FL 33919

Orange Holdings 32065 LLC 6210 44Th Street N 18 Pinellas Park FL 33781

Nations Asset Management 1 LLC 625 Oakleaf Plantation Parkway 714 Orange Park, FL 32065.

Ports Of Ionna, LLC  4604 49th St N167 St Pete FL 33709

Harbor Beach Resort Holdings One LLC 6210 44Th Street N 18 Pinellas Park, FL 33781.

Fleet Financial LLC 6210 44th Street 18 Pinellas Park FL 33781.

Clay County Holdings 32073 LLC 545 Fallen Timbers Dr Orange Park, FL 32073

Covelline LLC

Park Trust Services LLC

Orange Park Trust Services LLC 225 College DR,Unit #65417 Orange Park, FL 32065 also PO BOX 65417, Orange Park FL 32065

Orange Park 2022 LLC 120 Madeira Drive Northeast #219, Albuquerque, NM 87108

Nationwide Mortgage Solutions LLC, 120 Madeira Dr Northeast #219 Albuquerque, NM 87108

Nations Lending One LLC, 120 Madeira Drive Northeast #220, Albuquerque, NM 87108

Florida Management Trust LLC, 120 Madeira Drive Northeast #220, Albuquerque, NM 87108

Berkley Landing Group LLC

All State Holdings 112

Nations Lending One LLC was established on 3/16/2023 in NM by Florida Management Trust LLC at the following address: 120 Madeira Drive Northeast #220, Albuquerque, NM 87108.

Barnett Mortgage Solutions LLC was established on November 10, 2023, in Albuquerque, New Mexico, at the following address: 2201 Menaul Boulevard Northeast, Suite A, Albuquerque, NM 87107.

## **LEGAL ARGUMENT**

Florida Statute 817.034, the crime of Scheme to Defraud is committed when a person engages in a systematic, ongoing course of conduct with the intent to defraud or obtain property from one or more persons by false or fraudulent pretenses, representations, promises, or willful misrepresentations of a future act

In a Civil fraud claim, the plaintiff pursues the case on their own. In order to prove civil fraud, there must be damages that occurred as a result of the fraud. Compensatory and punitive damages are potential remedies in a proven civil fraud case.

(b) Fraud or Mistake; Conditions of Mind. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

(c) Conditions Precedent. In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity.

(d) Official Document or Act. In pleading an official document or official act, it suffices to allege that the document was legally issued or the act legally done.

(e) Judgment. In pleading a judgment or decision of a domestic or foreign court, a judicial or quasi-judicial tribunal, or a board or officer, it suffices to plead the judgment or decision without showing jurisdiction to render it.

(f) Time and Place. An allegation of time or place is material when testing the sufficiency of a pleading.

Civil RICO, 18 U.S.C. § 1964, is Patterned After Antitrust Laws, and Hence Vests the Attorney General of the United States With the Exclusive Authority to Obtain Equitable Relief, and Vests Private Litigants, With the Authority to Sue for Treble Damages.

RICO was enacted October 15, 1970, as Title IX of the Organized Crime Control Act of 1 1970 and is codified at 18 U.S.C. §§ 1961-1968. RICO provides for both criminal and civil remedies. RICO's civil remedies are set forth in 18 U.S.C. § 1964(a), (b) and (c), which provide as follows: (a) The district courts of the United States shall have jurisdiction to prevent and restrain violations of section 1962 of this chapter by issuing appropriate orders, including, but not limited to: ordering any person to divest himself of any interest, direct or indirect, in any enterprise; imposing reasonable restrictions on the future activities or investments of any

person, including, but not limited to, prohibiting any person from engaging in the same type of endeavor as the enterprise engaged in, the activities of which affect interstate or foreign commerce; or ordering dissolution or reorganization of any enterprise, making due provision for the rights of innocent persons.

(c) Any person injured in his business or property by reason of a violation of Section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee, except that no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962.  The 1  Pub. L. No. 91-452, 84 Stat. 941 (1970).

**Diversity of citizenship cases.** Federal district courts also have subject matter jurisdiction if you are suing a citizen of a different state (or a foreign national), and you are asking for at least $75,000 in money damages. (The minimum dollar amount may be responsible for the old saying, "Don't make a federal case out of it.") If a federal court has jurisdiction based on diversity of citizenship, the subject matter of the case doesn't matter. To meet the requirements of diversity jurisdiction, you MUST sue for **$75,000.01 or more AND** the person(s) you are suing resides in a **completely different state**.

If you are suing a business, you must find out where the defendant has their **principal place of business** and where they are **incorporated**.

Plaintiff is entitled to sue for these three causes of action for Mortgage Fraud, Contractual Fraud and Fraud.

## **CONCLUSION**

The fraud and deceit behind these foreclosure sales caused the Plaintiff significant financial harm and losses, as well as emotional harm and distress, collector hassle and harassment, and credit damage.

The Plaintiff is entitled as a matter of law to compensatory damages which include property value increases, repair, improvement, maintenance costs, legal fees, loss profits but not limited to these named damages and punitive damages.

In United States law, treble damages is a term that indicates that a statute permits a court to **triple the amount of the actual/compensatory damages to be awarded to a prevailing plaintiff**.

**WHEREFORE THE ABOVE CONSIDERED** the Plaintiff  ask this honorable court for a money judgment against all defendants for compensatory damages in the amount of $924,000.00 and Punitive damages in the amount of $2,700,000.00.

Respectfully submitted

ZITA BATOR, Pro se

Dated this the 15 day of October 2024.


## CERTFICATE OF SERVICE

**I HEREBY CERTIFY  that on this the 15 day of October 2024  I have served**

**all** named defendants captioned above pursuant to The federal Rules of Civil

Procedure 5, 4. With a copy of the forgoing complaint for fraud.

ZITA BATOR, Pro se